CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

BRIAN STRETCH
United States Attorney
Northern District of California

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch, Civil Division

SAMUEL M. SINGER
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
P.O. Box 883, Washington, DC 20044
Tel. (202) 616-8014; Fax (202) 616-8470
Email: samuel.m.singer@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Gallagher, on behalf of himself; and Donor No. 1, individually and on behalf of all anonymous donors to Free Barrett Brown,<br><br>    Plaintiffs,<br><br>   v.<br><br>United States; Candina Heath; Robert Smith; Does 1-10,<br><br>    Defendants. | Case No. 3:17-cv-00586-MEJ<br><br>**NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: January 11, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Maria-Elena James<br><br>Courtroom B, 15th Floor,<br>450 Golden Gate Ave., San Francisco, CA |

Case No. 3:17-cv-00586-MEJ

SMRH:482517987.1                MOTION TO DISMISS FIRST AMENDMENT CLAIM

## **TABLE OF CONTENTS**

NOTICE OF DEFENDANTS' MOTION TO DISMISS ................................................................................ 1

INTRODUCTION ................................................................................................................................. 2

BACKGROUND ................................................................................................................................... 2

DISCUSSION ....................................................................................................................................... 3

    1.   Plaintiff's Second Amended Complaint does not Allege Facts that
Support Actual or Imminent Injury ......................................................................................... 4

    2.   The Alleged Injuries are Vague and Unspecified, not Concrete
and Particularized ...................................................................................................................... 7

CONCLUSION ..................................................................................................................................... 8

SMRH:482517987.1                    MOTION TO DISMISS FIRST AMENDMENT CLAIM

# TABLE OF AUTHORITIES

**CASES**                                                                                                  **Page(s)**

*Barcelona v. Cal. Dep't of Justice,*
   697 F. App'x 576 (2017)..............................................................................................................5

*Cal. Pro-Life Council, Inc. v. Getman,*
   328 F.3d 1088 (9th Cir. 2003) ..................................................................................................3

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983)..........................................................................................................4, 5, 6, 7

*Clapper v. Amnesty Int'l U.S.A.,*
   568 U.S. 398 (2013)............................................................................................................*passim*

*Laird v. Tatum,*
   408 U.S. 1 (1972) ......................................................................................................................7

*Lopez v. Candaele,*
   630 F.3d 775 (9th Cir. 2010)....................................................................................................5

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992)..............................................................................................................3, 7

*Moss v. U.S. Secret Serv.,*
   572 F.3d 962 (2009) .................................................................................................................4

*Munns v. Kerry,*
   782 F.3d 402 (2015) .................................................................................................................4

**RULES**

Fed. R. Civ. Pro. 12(b)(6)....................................................................................................1, 8

SMRH:482517987.1                                                MOTION TO DISMISS FIRST AMENDMENT CLAIM

## NOTICE OF DEFENDANT'S MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 11, 2018, or as soon thereafter as the matter may be heard before the Honorable Maria-Elena James, in the District Court for the Northern District of California, Defendants will and hereby do move to dismiss Count I of Plaintiffs' Second Amended Complaint for Violation of the Right to speak and Associate Anonymously under the First Amendment of the United States Constitution, Dkt. No. 45, pursuant to Federal Rules of Civil Procedure 12(b)(1).

Dated:  November 20, 2017        United States Department of Justice


By _____
SAMUEL M. SINGER
20 Massachusetts Avenue, NW, Room 6138
Washington, DC 20530
Telephone: (202) 616-8014; Fax: (202) 616-8460
E-mail: samuel.m.singer@usdoj.gov
Attorney for Defendant United States

-1-                                          Case No. 3:17-cv-00586-MEJ

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In October, this Court dismissed Plaintiff's official capacity First Amendment claim for lack of standing because Donor No. 1 had not "allege[d] facts showing any threat of real and immediate future harm," or that he is likely to be harmed again. Dkt. No. 44 at 26. The Court granted leave to amend the First Amended Complaint (FAC) to give Donor No. 1 an opportunity to allege *new* facts, above and beyond what this Court already found to be insufficient or "conclusory," to support his standing to seek prospective relief for his First Amendment claim. *Id.*

Plaintiff has done nothing to cure the defect in this claim. The Second Amended Complaint (SAC) rests on the same faulty standing theory and reproduces the same conclusory allegations about unlawful surveillance of Barrett Brown's supporters. And the two allegations it does add—one about a *different* crowd-funding campaign, launched years after the subpoena; the other about the government's alleged harassment of Barrett Brown—do nothing to establish an actual or imminent injury necessary for Article III standing to obtain prospective relief. The First Amendment claim should be dismissed with prejudice.

### BACKGROUND

Count I of the FAC alleged that the United States violated the First Amendment when it compelled disclosure of transaction information about donations to the Free Barrett Brown crowd-funding campaign. *See* FAC, Dkt. No. 29 ¶¶ 43–55. Donor No. 1 argued that the donations were intended to be anonymous protected speech, and he alleged that the "true purpose" of the WePay Subpoena was to gather information about the donors themselves, and to "retaliate" against the donors' exercise of protected speech. *See id.* ¶¶ 42, 44. Furthermore, he alleged that Defendants "continue to use the information produced in response to the WePay Subpoena, as well as other information gathered from the illegal monitoring program, to continually and unjustifiably surveil the donors to Free Barrett Brown." *Id.* ¶ 55.

In October, this Court dismissed the official capacity First Amendment claim with leave to amend, finding that Donor No. 1 had not plausibly alleged an ongoing or imminent injury sufficient to support standing for prospective relief. Although Donor No. 1 had articulated a subjective apprehension that he is the subject of an unlawful surveillance scheme that grew out of the WePay

-2-

subpoena and continues today, the Court found that the FAC had not "set forth the basis for [Plaintiff's] belief that Defendants continue to maintain and use the information more than four years after obtaining it from WePay, rendering this allegation conclusory." *See* Dkt. No. 44 at 25–26.

The Second Amended Complaint repeats verbatim the allegations from the First Amended complaint with respect to the First Amendment claim, and adds two new paragraphs of factual allegations. *See* SAC, Dkt. 45 ¶¶ 28, 43, 54. The first allegation is about a separate, wholly unconnected crowd-funding campaign for Barrett Brown. Plaintiff writes, "[t]he Courage Foundation initiated a fundraising campaign to help Mr. Brown pay [assessed fines].  To date, nearly 300 donations have been made in support of Mr. Brown's cause through the website hosted by the Courage Foundation.  As with the Free Barrett Brown campaign, many of the donations have been anonymous." *Id.* ¶ 33.  Plaintiff does not mention the Courage Foundation at any other point in the SAC, and does not allege any connection between the Courage Foundation and the WePay Subpoena.

The second allegation concerns the government's interactions with Barrett Brown since he was released from prison.  Plaintiff alleges that the Department of Justice "continues to harass Mr. Brown." SAC ¶ 34.  He says that the U.S. Attorney's Office in the Northern District of Texas is needlessly seeking financial information about Mr. Brown from his employer, even though he is current on payments owed to the government. *Id.*  He also contends that Mr. Brown was arrested for failure to obtain permission to conduct media interviews. *Id.*  Plaintiff has not alleged a connection between the WePay Subpoena and the purported harassment or arrest.

Plaintiff seeks a declaration that "the conduct alleged above violated the First Amendment rights of Donor No. 1 and the class." *See* SAC at 20. He also seeks an injunction directing the United States to destroy the "donors' private, sensitive information," and prohibiting it "from engaging in similar unlawful surveillance in the future, including any surveillance of the Courage Foundation campaign." *Id.*

## DISCUSSION

For Plaintiff to have Article III standing, he must establish injury in fact, causation, and a likelihood that a favorable decision will redress their alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1093 (9th Cir. 2003).  An injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and

-3-

Case No. 3:17-cv-00586-MEJ

MOTION TO DISMISS FIRST AMENDMENT CLAIM

redressable by a favorable ruling" *Clapper v. Amnesty Int'l U.S.A.*, 568 U.S. 398, 409 (2013).  In the First Amendment context, past violations do not confer standing "if the plaintiff does not continue to suffer adverse effects." *Munns v. Kerry,* 782 F.3d 402, 411 (2015).  Where a plaintiff makes "bald allegation[s]" that a government policy poses a systematic violation of the First Amendment, moreover, the Ninth Circuit has found that such plaintiff has not plausibly stated a claim under Rule 12(b)(6). *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (2009) (finding "conclusory" and "therefore not entitled to an assumption of truth" plaintiff's assertions that Secret Service agents had acted in conformity with an officially sanctioned *sub rosa* policy of suppressing speech critical of the President, where plaintiffs had not adequately bolstered their allegations with factual content).

Donor No. 1 has not satisfied his burden of alleging an ongoing or imminent constitutional injury under the First Amendment.  It is not sufficient to allege that the United States unlawfully compelled donor information in the past—indeed, Plaintiff's First Amendment claim rests squarely on the still unsupported assertion that the Government is still engaged in a coordinated effort to surveil Mr. Brown's supporters. *See* SAC ¶ 55.  Moreover, this Court has already rejected the notion that simple possession of information in the WePay subpoena could constitute a cognizable injury. *See* Dkt. No. 44 at 26 (requiring Plaintiff amend his complaint to allege "real and immediate future harm" or facts showing that Plaintiff is "likely to be harmed again").  The SAC still does not allege facts to support actual or imminent injury; instead, it relies once again on Plaintiff's subjective apprehension of government surveillance, which the Supreme Court has specifically found insufficient for standing. *See Clapper*, 568 U.S. 398, 408-409.

### 1. Plaintiff's Second Amended Complaint does not Allege Facts that Support Actual or Imminent Injury.

Because the plaintiff has not alleged any new facts that would support his contention that he is the targets of an illegal monitoring scheme by the FBI and DOJ in violation of the First Amendment, he has not shown he has an actual or imminent injury, and thus does not have Article III standing.

The Supreme Court has "repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient. *Clapper*, 568 U.S. at 409.  Even where a plaintiff has suffered a prior harm but has presented no evidence that he or she is likely to be harmed in a similar way in the future, standing for prospective injunctive relief is

-4-

Case No. 3:17-cv-00586-MEJ

MOTION TO DISMISS FIRST AMENDMENT CLAIM

lacking. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  And while the Ninth Circuit has held that some constitutional challenges based on the First Amendment may be subject to a relaxed standing analysis, "plaintiffs must still show an actual or imminent injury to a legally protected interest." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (finding that plaintiffs did not have standing because he failed to establish a credible threat that he would be subject to enforcement of a sexual harassment policy that he challenged on First Amendment grounds).

*Clapper* governs the outcome of the standing question here.  There, the plaintiffs alleged that communications they had with foreign contacts were likely being intercepted under the Foreign Intelligence Surveillance Act (FISA). *See Clapper*, 568 U.S. at 398. And plaintiffs in that case pointed to the existence of the FISA surveillance scheme as evidence that their communications were likely to be targeted. *See id.*  But the Supreme Court rejected the plaintiffs' contention that they were likely to be harmed in the future, because they had not sufficiently alleged that their injury was *certainly impending. See id.* at 410.  Because it was "speculative whether the Government will imminently target communications to which respondents are parties," and because plaintiffs had failed to offer evidence that their communications were being monitored, they did not have standing, notwithstanding the fact that the surveillance program was currently authorized and the Plaintiffs were aware of the program. *Id.* at 411.

*Lyons*, the seminal case on standing for prospective injunctive relief, is also on point.  The plaintiff in *Lyons* sued for damages as well as prospective injunctive relief after he had been subjected to a choke hold by the police. 461 U.S. at 95.  Neither party disputed that the challenged choke hold had been utilized against the plaintiff. *Id.* However, subsequent to the incident, the city instituted a moratorium on the usage of chokeholds. *Id.*  Thus, the Court found that the plaintiff did not have standing to pursue an injunction against future conduct. *Id.* The Court reasoned that Lyons' standing based on the prospect of future injury was too speculative because there was no "real or immediate threat" of being wronged with such a chokehold in the future. *Id.* at 110.

The Ninth Circuit has also found standing to be lacking in circumstances similar to this case. *See Barcelona v. Cal. Dep't of Justice*, 697 Fed. App'x 576 (2017).  In *Barcelona*, plaintiff was a DOJ officer who was the subject of an internal investigation that had ended without adverse consequences. *Id.* Plaintiff alleged that the DOJ's action during the investigation violated his First Amendment rights, and he sought injunctive relief. *Id.* 576–77.  But because plaintiff had not presented evidence that he was

SMRH:482517987.1                                    MOTION TO DISMISS FIRST AMENDMENT CLAIM

likely to be investigated again in the future, the Court held that he had not alleged an actual or imminent injury. *See id.*

So too here, this Court already has held that the simple possession by the Government of a transaction history from the WePay Subpoena is insufficient, on its own, to support standing for a prospective injunction. *See* Dkt. No. 44 at 26.  And as in *Clapper*, it is entirely speculative that the Government is using or planning to use information from the WePay Subpoena to monitor or surveil Plaintiff and the purported class. *See Clapper*, 568 U.S. at 411.  Here, the fact that there exists a second crowd-funding campaign does nothing to make this allegation less speculative—indeed, how Plaintiff believes the two are related is unclear. Moreover, plaintiff's allegation of "harassment" is just as inapposite, if not more so, to his claims about the use of WePay Subpoena to monitor donors. Even accepting the harassment allegation as true, it is entirely speculative that such actions taken against Mr. Brown means the government is surveilling others based on the WePay Subpoena. Moreover, unlike *Lyons*, where no party disputed the fact that an illegal chokehold policy had existed in the past, in this case, Donor No. 1 has not provided anything beyond mere supposition that an illegal surveillance scheme exists. *See Lyons*, 461 U.S. at 98 & n.1. Just as the Court in *Lyons* found there to be no standing for prospective injunctive relief in such circumstances, *id.,* this Court should reach a similar result. Because plaintiff has not alleged any facts that would demonstrate that they are being harmed now or are likely to be harmed in the future, and the allegations of injury here remain conclusory and speculative, the Court should find that plaintiff lacks standing to obtain prospective relief.

Finally, it bears further emphasis that the only two new allegations Plaintiff raises in the SAC have nothing to do with the WePay Subpoena or Donor No. 1 and do not support standing for prospective relief.  First, plaintiff refers to a different crowd-funding campaign initiated by the Courage Foundation to help Mr. Brown pay criminal fines.  *See* SAC ¶ 33. But this has nothing to do with the allegations before the Court: Donor No. 1 does not claim to have donated to the Courage Foundation's campaign, and there is no allegation that the government has sought information from the Courage Foundation's donors—much less that it has sought information in connection with surveillance activities. *See id.* ¶¶ 28, 33.

Second, as noted above, the plaintiff alleges that the Department of Justice "continues to harass Mr. Brown."  He specifically contends that the Northern District of Texas USAO is needlessly seeking

SMRH:482517987.1                                             MOTION TO DISMISS FIRST AMENDMENT CLAIM

financial information about Brown from his employer, even though Brown is current on payments owed to the government. He also points out that Brown was arrested by the BOP for failing to obtain permission to conduct media interviews. SAC ¶ 34. What these allegations have to do with this case is at best unclear. Plaintiff appears to be asking the Court to infer something about the Government's alleged surveillance of the WePay donors from its general interactions with Barrett Brown. Even if the Court were to accept these allegations as true, they would be nowhere remotely close to a concrete, non-conclusory allegation related to the First Amendment claim (or any other claim) in this case about WePay donors.

For the foregoing reasons, neither of these two new allegations support an ongoing injury, nor one that is certainly impending. *See Lyons*, 461 U.S. at 95; *Clapper*, 568 U.S. at 411.

### 2. Donor No. 1's Alleged Injuries are Vague and Unspecified, not Concrete and Particularized.

Beyond failing to identify an injury that is ongoing or imminent, Plaintiff has failed to demonstrate that his alleged injury is sufficiently concrete or particularized, as required by Article III. *See Lujan*, 504 U.S. at 560. Even assuming, *arguendo,* that Plaintiff has plausibly alleged that the FBI is making use of the information supplied in the WePay Subpoena, he has still yet to offer concrete or particular allegations about any ongoing harm resulting from the FBI's alleged actions. For example, Donor No. 1 has not alleged that he is currently under investigation, nor has he alleged anything in particular about how he believes his communications are being collected and monitored. Instead, Plaintiff simply asserts, as a general matter, that there is an "illegal surveillance scheme," that Plaintiff suspects that his and the putative class's protected communications were "illegally monitor[ed]," and that the WePay Subpoena is "being used to monitor" Mr. Brown's supporters. The two new allegations—that there is a new fundraising campaign for Mr. Brown, and that Mr. Brown was allegedly "harass[ed]" by the DOJ and BOP—do not make these vague allegations any more concrete or particular. *See* SAC at 7–9.

This is exactly the kind of subjective apprehension of government surveillance that the Supreme Court rejected as non-cognizable injury. *See Clapper,* 568 U.S. at 418 ("subjective fear of surveillance does not give rise to standing"); *see also Laird v. Tatum*, 408 U.S. 1 (1972) (rejecting plaintiffs First Amendment claim for lack of standing, where evidence disclosed no unlawful surveillance activities

beyond the mere existence and operation of an Army intelligence-gathering and distributing system). An unsubstantiated belief that the government is monitoring Plaintiff, without some plausible factual allegations that back up that assertion, cannot suffice to supply an injury that would confer standing in an Article III court.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's First Amendment claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: November 20, 2017                    Respectfully submitted,


                                            CHAD A. READLER
                                            Principal Deputy Assistant Attorney General

                                            BRIAN STRETCH
                                            United States Attorney
                                            Northern District of California

                                            ANTHONY J. COPPOLINO
                                            Deputy Director, Federal Programs Branch

                                            /s/ *Samuel M. Singer*
                                            SAMUEL M. SINGER

                                            Trial Attorney
                                            Civil Division, Federal Programs Branch
                                            United States Department of Justice
                                            P.O. Box 883
                                            Washington, DC 20044
                                            Tel. (202) 616-8014; Fax (202) 616-8470
                                            Email: samuel.m.singer@usdoj.gov


                                            *Attorneys for the United States*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Kevin Gallagher, on behalf of himself; and Donor No. 1, individually and on behalf of all anonymous donors to Free Barrett Brown,

        Plaintiffs,

      v.

United States; Candina Heath; Robert Smith; Does 1-10,

        Defendants.

Case No. 3:17-cv-00586-MEJ

Hearing Date: January 11, 2018
Judge: Hon. Maria-Elena James

## **PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Dismiss, any response thereto, and good cause shown, it is hereby **ORDERED** that the Motion is **GRANTED**. Donor No. 1's First Claim for Relief is hereby **DISMISSED**.

_____

**Dated:**                         **THE HONORABLE MARIA-ELENA JAMES**

SMRH:482517987.1